United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT F. CALDWELL, § | | |
| TDCJ # 00933046 § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-24-265 | |
| § | | |
| BOBBY LUMPKIN, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Robert F. Caldwell, a Texas state inmate representing himself, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary conviction. After reviewing the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this action must be dismissed. The reasons are explained below.

**I.      Background**

In 2000, Caldwell was sentenced to 25 years in Texas state prison after being convicted of aggravated assault in Smith County. *See Offender Info. Search*, Texas Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/ (last visited May 1, 2024). Caldwell's petition does not challenge his conviction or sentence. Instead, he seeks relief from a disciplinary conviction at the Gib Lewis Unit on September 27, 2023, in Case Number 20230213150. (*See* Docket Entry No. 1 at 2, 5; Docket Entry No. 2 at 13). Caldwell states that he was punished by 270 days of forfeited good-time days, 45 days recreation restriction, 45 days commissary restriction, 45 days cell restriction, and 45 days of tablet restriction. (Docket Entry No. 1 at 5). Caldwell states that he is eligible for release to mandatory supervision but that he did not appeal the conviction through

TDCJ's two-step administrative grievance procedure because the grievance department "refused [him] to file." (*Id.*).

## II.      Discussion

This court may hear Caldwell's petition because he is incarcerated in Walker County, which is within the boundaries of the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe on a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Alexander v. Tex. Dep't of Crim. Justice*, 951 F.3d 236, 240 (5th Cir. 2020).

A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007).

Caldwell cannot demonstrate a due process violation because, despite his statement to the contrary, he is ineligible for release to mandatory supervision. Caldwell was convicted of aggravated assault under Texas Penal Code § 22.02. Under Texas law, this conviction makes him ineligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(7) (explaining that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence

for or has been previously convicted of . . . a first degree felony or a second degree felony under [Texas Penal Code §] 22.02"). Only those Texas inmates who are eligible for mandatory supervision have a constitutional claim under a protected liberty interest in their previously earned good-time credit. *See Malchi*, 211 F.3d at 957–58. Moreover, the Fifth Circuit has held that sanctions affecting an inmate's privileges, such as those for recreation or commissary, are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Because Caldwell cannot present a claim for a constitutional violation, his federal habeas corpus petition must be dismissed for failure to state a claim on which relief may be granted.

**III.     Certificate of Appealability**

Habeas corpus actions under 28 U.S.C. § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Caldwell has not made the necessary showing. A certificate of appealability is denied.

## IV. Conclusion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254, Docket Entry No. 1, is denied, and this habeas proceeding is dismissed for failure to state a claim upon which federal habeas relief may be granted. Any pending motions are denied as moot. A certificate of appealability is denied. Final judgment is separately entered.

SIGNED on May 9, 2024, at Houston, Texas.

                                                              Lee H. Rosenthal
                                              United States District Judge